ALBANY,
June, 1833.

Livingston
v.
Superior Court
of New-York.

---

## Ex parte LIVINGSTON *vs.* SUPERIOR COURT OF THE CITY OF NEW-YORK.

A *replevin bond* to prosecute a suit in replevin in *another state*, will not be considered as a replevin bond within any of the provisions of our statutes. Where on such a bond the plaintiff took judgment for the penalty, nominal damages and costs, and the defendant paid the nominal damages and costs, and applied to a subordinate court for an order that satisfaction be entered, this court refused a *mandamus* to compel the entry of satisfaction, leaving the defendant to his remedy by writ of error.

THIS was a motion for a *mandamus*, directing the superior court of the city of New-York to permit satisfaction to be entered upon a judgment obtained in that court against the re-

June 6.

lator on a *replevin bond* executed by him to prosecute with effect a suit in replevin, commenced by him in a court in the state of *New Jersey*, and to return the steam-boat *Sandusky*, her apparel, &c. in case return should be adjudged. The bond was executed previous to 1830, and is in the penal sum of $17,500. The plaintiff did not assign breaches in his declaration. The defendant pleaded the general issue. The plaintiff obtained a verdict and had nominal damages assessed, on which he entered judgment for his debt, six cents damages and the costs of increase. The defendant paid the nominal damages and the costs of increase, and applied to the court below for an order that satisfaction be entered, which being refused, a *mandamus* was asked for from this court.

*Bell & H. Bleecker*, for the motion.

*G. Wood & S. A. Foot*, contra, insisted that this bond came not within the purview of the statute, requiring an assignment of breaches and an assessment of damages; but if it did, that the court ought not to grant a mandamus, but drive the party to his writ of error.

*By the Court*, NELSON, J. The motion is denied, with costs. We will not determine the effect of the judgment as entered upon motion, but leave the relator to his writ of error. We are inclined to the opinion, though we do not intend to express a definitive opinion, that the bond on which the suit is brought cannot be viewed in this state as a *replevin bond*, within any of the provisions of our statutes; but that it must be treated as an ordinary bond, conditioned otherwise than for the payment of money and falling within the general act requiring an assignment of breaches and an assessment of damages. Under this view, the relief of the plaintiff is in the court below, which may enable him to have his damages properly assessed.